## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| MICHAEL TROY OLSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 17-1540-JES |
| | ) | |
| STEVE KALLIS, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND OPINION

Now before the Court is Petitioner Michael Troy Olson's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1, reentered as Doc. 29). Olson's Petition challenges the sentence enhancement he received under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). He argues that in light of *United States v. Johnson*, 135 S. Ct. 2551 (2015), *Mathis v. United States,* 136 S. Ct. 2243 (2016), and *Van Cannon v. United States,* 890 F.3d 656 (7th Cir. 2018), he no longer has the three predicate violent felony convictions needed to impose the enhancement and has already served the maximum sentence otherwise allowed by statute for his conviction. He also argues that he is entitled to proceed under 28 U.S.C. § 2241, because the remedy under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." For the reasons set forth below, Olson's Petition (Doc. 1) is GRANTED.

## I.  BACKGROUND

### A.  Olson's Criminal History

In January 2005, following a jury trial, Olson was convicted of Unlawful Possession of a Firearm by a Felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). *United States v. Olson,*

Case No. 04-CR-398 (D. Minn.). At Olson's sentencing on July 20, 2005, the district court found that he had five predicate convictions for violent felonies:

- Simple Robbery in violation of Minnesota statute § 609.24 (Hennepin County, Minnesota, Case No. 27-CR-82-902452);

- Third Degree Burglary in violation of Minnesota statute § 609.582, subdiv. 3 (Hennepin County, Minnesota, Case No. 27-CR-91-082639);

- Aggravated Robbery in violation of Minnesota statute § 609.245 (Hennepin County, Minnesota, Case No. 27-CR-93-093074);

- Theft of a Motor Vehicle in violation of Minnesota statute § 609.52S3(3)VI (Hennepin County, Minnesota, Case No. 27-CR-91-008488); and

- Fourth Degree Criminal Sexual Conduct in violation of Minnesota statute § 609.345, subdivision 1B (Hennepin County, Minnesota, Case No. 02-K5-97-002329).

Due to this finding, and pursuant to 18 U.S.C. § 924(e), the sentencing court designated Olson an Armed Career Criminal. This designation increased his statutory imprisonment range from zero to ten years imprisonment to fifteen years to life imprisonment. Olson was sentenced to 275 months' imprisonment.

The Eighth Circuit affirmed Olson's conviction on April 24, 2006. *United States v. Olson*, 177 Fed. Appx. 512 (8th Cir. 2006). Olson did not file a writ of certiorari with the Supreme Court, so his conviction became final on July 25, 2006. Olson did not file a timely initial § 2255 motion, but filed a motion in his criminal case in June 2008, which was construed as a motion under § 2255 and denied as untimely.

As detailed in Respondent's initial response in this Court, Olson has filed numerous post-conviction petitions and motions unrelated to his present challenge. *See* Doc. 35 at 2-12.

Relevant to this case, in 2015 Olson filed an application to file a successive § 2255 motion with the Eighth Circuit. Olson argued that in light of *United States v. Johnson*, 135 S. Ct. 2551 (2015), he no longer had the three predicate convictions necessary to be deemed an Armed Career Criminal. The Government opposed Olson's application, arguing that Olson still had three predicate felonies—Simply Robbery, Third Degree Burglary, and Aggravated Robbery— that did not implicate the residual clause. *Olson v. United States,* No. 15-2568, Entry ID: 4310061. On January 8, 2016, the Eighth Circuit denied Olson's application to file a successive petition. *Olson v. United States,* No. 15-2568 (8th Cir. Jan. 8, 2016) ("Olson has three prior convictions properly classified as violent felonies under the elements clause or enumerated clause of the ACCA. Therefore, *Johnson* is inapplicable to his classification as a career offender.").

In March 2017, Olson filed this petition in the District Court for the District of Minnesota, where he was at that time incarcerated. Doc. 1. He argues that he is serving an illegal sentence because he should not be deemed an Armed Career Criminal, and that he is entitled to relief under 28 U.S.C. § 2241 because his claim falls within the savings clause of 28 U.S.C. § 2255(e). The case was subsequently transferred to this Court on November 29, 2017, after Olson was transferred to a prison within this Court's territorial jurisdiction. Olson filed a Motion to Amend in January 2018, largely reiterating the points in his original petition, but now including a citation to *Mathis v. United States,* 136 S.Ct. 2243 (2016). Doc. 24.

On January 26, 2018, this Court ordered Respondent to show cause as to why the petition should not be granted. Doc. 26. While the Court's order noted that Olson's Motion to Amend/Correct his Petition was before the Court, it did not explicitly rule on it at that time. *Id.* In November 2018, after initial briefing concluded, this Court appointed the Office of the Federal

Public Defender to represent Petitioner and allowed supplemental briefing. The supplemental briefing clarified the issues and made clear that *Mathis* is at the center of this dispute, despite the lack of citation to *Mathis* in Petitioner's original Petition and the Court's lack of an earlier ruling on Petitioner's Motion to Amend. Docs. 43 and 44. After reviewing the briefs, the Court stayed this case pending the Seventh Circuit's decision in *Chazen v. Marske*, 938 F.3d 851 (7th Cir. 2019). The Seventh Circuit issued its decision in *Chazen* on September 9, 2019, and the Court lifted the stay on September 18, 2019. The parties have both filed supplemental briefing. Docs. 48 and 51. This Order follows.

## II. LEGAL STANDARD

Generally, federal prisoners who seek to collaterally attack their conviction or sentence must proceed by way of motion under 28 U.S.C. § 2255, the so-called "federal prisoner's substitute for habeas corpus." *Camacho v. English*, 872 F.3d 811, 813 (7th Cir. 2017) (quoting *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). The exception to this rule is found in § 2255 itself: a federal prisoner may petition under § 2241 if the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Under the "escape hatch" of § 2255(e), "[a] federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). Under Seventh Circuit precedent, "[t]o pursue relief under § 2241, a petitioner must establish that '(1) the claim relies on a statutory interpretation case, not a constitutional case, and thus could not have been invoked by a successive § 2255 motion; (2) the petitioner could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and (3) the error is grave enough to be deemed a miscarriage of justice.'" *Chazen*

*v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019) (citing *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019)).

## III.  DISCUSSION

Olson argues that his ACCA sentencing enhancement, pursuant to 18 U.S.C. § 924(e), is invalid in light of *Mathis v. United States,* 136 S.Ct. 2243 (2016), because he no longer has three predicate convictions for violent felonies.  A person who violates 18 U.S.C. § 922(g) is an Armed Career Criminal if they have "three previous convictions . . . for a violent felony or serious drug offense."  18 U.S.C. § 924(e).  Section 924(e)(2)(B) defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that:

> (i)     has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).  Clause (i) is known as the "elements clause."  The first part of clause (ii) is known as the "enumerated offenses clause," and the part of clause (ii) that follows "otherwise" is known as the "residual clause."  In *Johnson v. United States*, 135 S. Ct. 2551 (2015), however, the Supreme Court held that the residual clause is unconstitutionally vague. 135 S. Ct. at 2563.  Accordingly, only the elements and enumerated clauses remain valid.

After *Johnson*, two of Olson's five predicate convictions—theft of a motor vehicle and fourth degree criminal sexual conduct—no longer qualify as predicate offenses.  *See, e.g., United States v. Sylva*, No. 13-CR-200121, 2016 WL 7320917, at *5 (W.D. Ark. Sept. 15, 2016), *report and recommendation adopted*, No. 2:13-CR-20012, 2016 WL 7257085 (W.D. Ark. Dec. 15, 2016) ("[I]t is clear that Sylva's prior conviction for indecent liberties with a child would only qualify as a 'violent felony' under the ACCA's residual clause—which has now been found void for vagueness under *Johnson*."); *United States v. Lance,* 208 F. Supp. 3d 879, 883-85

(E.D. Tenn. 2016) (reaching the same holding for a similar statute). *See also* Doc. 35 at 17.

However, after *Johnson*, Olson was still left with three predicate convictions—Minnesota

aggravated robbery, simple robbery, and third-degree burglary.

In this Petition, Olson argues his third-degree burglary conviction is no longer a violent

felony in light of the *Mathis v. United States,* 136 S. Ct. 2243 (2016). *Mathis* clarified the

procedure for courts to use to determine whether a statute is broader than the generic version of

the offense, highlighting that the modified categorical approach could only be utilized when the

statute specified alternative elements for the offense, not merely alternative means. *Id.*

"*Mathis* was meaningful because it narrowed the range of state statutes that qualify as violent

felony predicates under the Armed Career Criminal Act." *Chazen*, 938 F.3d at 855. Olson is

only entitled to relief if he can show both that he can proceed under 28 U.S.C. § 2241 pursuant to

the savings clause of 28 U.S.C. § 2255(e) and that his claim is successful on the merits.

## A. Olson's Claim Can Proceed Under § 2241.

In light of the Seventh Circuit's recent decision in *Chazen v. Marske*, 938 F.3d 851 (7th

Cir. 2019), Respondent has now conceded that Olson can proceed under the savings clause and

pursue his claim pursuant to § 2241. Doc. 51 at 5. In *Chazen*, the Seventh Circuit addressed the

claim of a petitioner in a nearly identical position as Olson. Chazen also had been sentenced as

an Armed Career Criminal in in the District of Minnesota due, in part, to two convictions for

Minnesota second-degree burglary. *Chazen,* 938 F.3d at 853–54. After the Supreme Court's

decisions in *Johnson v. United States,* 135 S. Ct. 2551 (2015) and *Mathis v. United States,* 136 S.

Ct. 2243 (2016), as well as the Eighth Circuit's decision in *United States v. McArthur*, 850 F.3d

925, 940 (8th Cir. 2017), and the Seventh Circuit's decision in *Van Cannon v. United States*, 890

F.3d 656 (7th Cir. 2018), Chazen argued his Minnesota burglary convictions were no longer

violent felonies and that he did not qualify as an Armed Career Criminal. *Chazen*, 853 F.3d at 855.

The Seventh Circuit found that such a claim can proceed under the savings clause. *Id.* at 862–63. The claim easily meets the first and third requirement of the savings clause. *Id.* at 856. There could be no serious debate that *Mathis* is a statutory interpretation case. *See Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (*Mathis* "is a case of statutory interpretation," so claims based on *Mathis* "must be brought, if at all, in a petition under 28 U.S.C. § 2241."). And the Seventh Circuit has repeatedly found that a defendant sentenced in error as an armed career criminal satisfies the "miscarriage of justice" requirement." *Chazen*, 938 F.3d at 856 (*citing Light v. Caraway*, 761 F.3d 809, 813 (7th Cir. 2014)). Further, while acknowledging that their precedent in articulating the second requirement of the savings-clause test has been inconsistent, the Seventh Circuit found it sufficed that Chazen was unable to bring his claim in the Eighth Circuit because Chazen's claim that Minnesota burglary was not a violent felony under the ACCA was foreclosed at the time of his initial § 2255 motion "by Eighth Circuit precedent concluding that Minnesota burglary qualified as a violent felony for federal sentencing purposes," such that "the law was squarely against" him. *Id.* at 862. Here, Olson is in virtually the same situation, and, as the parties agree, Olson can proceed under the savings clause.

**B. Olson's Petition Succeeds on the Merits.**

Before this Court can grant relief, however, Olson must show that his claim has merit. When the parties first briefed this issue, the parties agreed that Olson's underlying claim did have merit under the binding precedent of both the Eighth and the Seventh Circuits. Relying on *Mathis,* the Eighth Circuit had held in *United States v. McArthur*, 850 F.3d 925 (8th Cir. 2017)*,* that Minnesota's third-degree burglary statute is indivisible and broader than the offense of

generic burglary because one of the alternative means "does not require that the defendant have formed the 'intent to commit a crime' at the time of the nonconsensual entry or remaining in." *Id.* at 940. Additionally, the Seventh Circuit, in *Van Cannon v. United States,* 890 F.3d 656 (7th Cir. 2018), reached the same conclusion, but found that Minnesota burglary is broader than generic burglary because the statute does not require proof of any intent to commit a crime in the building at *any* point. *Id.* at 664.

However, during the pendency of this case, the Supreme Court decided *Quarles v. United States*, 139 S. Ct. 1872 (2019). *Quarles* addressed the "exceedingly narrow question" of whether "remaining in" burglary requires the defendant to have the intent to commit a crime at the exact moment he or she first unlawfully remains in a building or structure or whether the offense occurs when the defendant forms the intent to commit a crime at any time while unlawfully remaining in the building or structure. *Id.* at 1875. The Supreme Court adopted the second definition. *Id.* at 1877. Accordingly, remaining in burglary occurs if the defendant forms the intent to commit a crime at any time while unlawfully remaining in a building or structure. *Id.*

In *Chazen*, the Seventh Circuit found that *Quarles* did not impact its previous holding: "What we can say with confidence is that *Quarles* did not abrogate *Van Cannon*'s conclusion that Minnesota burglary is broader than generic burglary because the state statute does not require proof of any intent at *any point.*" *Chazen*, 938 F.3d at 860. However, the Eighth Circuit has observed that the Supreme Court's decision in *Quarles v. United States*, 139 S. Ct. 1872 (2019), may have abrogated the holding in *McArthur. See Raymond v. United States,* 933 F.3d

988, 982 (8th Cir. 2019).  Accordingly, while under the law of the Seventh Circuit, the law

remains squarely in Olson's favor, under Eighth Circuit law, it is now undecided.[1]

Respondent argues that the Court, in addressing the merits of Olson's petition, must

apply the law of the Eighth Circuit—the circuit of Olson's conviction—as opposed to the law of

the Seventh Circuit—the circuit of Olson's confinement.  However, the Court agrees with Olson

that the Respondent already conceded that Seventh Circuit law should apply.  In a footnote in its

initial response Respondent stated that:

> The United States further acknowledges the Seventh Circuit Court of Appeals'
> recent decision in *Van Cannon v. United States* finding that second-degree
> burglary under Minnesota law does not qualify as a violent felony under the
> Armed Career Criminal Act. 890 F.3d 656, 663 (7th Cir. 2018). Minnesota's
> third-degree burglary statue contains similar language. The United States
> understands that this Court must apply Circuit precedent but reserves its argument
> for further review that *Van Cannon* (and, similarly, *McArthur*) was incorrectly
> decided.

Doc. 35 at 17, n.10.  Further, Respondent's supplemental briefing last February, reaffirmed that

concession and again assumed that this Court should apply Seventh Circuit precedent to the case.

Doc. 44 at 20.  The Court's invitation for supplemental briefing in light of *Chazen* was not meant

as an invitation to reargue conceded points.  While Respondent's incentives for a choice-of-law

argument may have changed, nothing has actually changed in the law regarding choice-of-law

for § 2241 petitions.  Moreover, in *Chazen*, a similar concession was more than sufficient for the

Seventh Circuit to find that Seventh Circuit precedent should apply.  *See Chazen,* 938 F.3d at

860 ("Given this concession, we see no reason why our holding in *Van Cannon* does not resolve

the merits of Chazen's claim."); *see also, Prevatte v. Merlak*, 865 F.3d 894, 898, 901 (7th Cir.

---

[1] Respondent states that the "an examination of the law in the Eighth Circuit shows that the Minnesota Supreme
Court has already rejected the notion that Minnesota burglary can be committed as a strict liability offense."  Doc.
51 at 18.  However, the Eighth Circuit has not issued any ruling, the question is in fact an open one.  *See Chazen,*
938 F.3d at 860 (finding that there was "no contrary law in the Eighth Circuit").  And the Minnesota law is what
needs to be interpreted by the Eighth Circuit (and what *was* interpreted by the Seventh Circuit) in order to determine
whether Minnesota burglary is a violent felony—it is not the law of the Eighth Circuit.

2017) (accepting the government's concession on an element of the savings clause-test and explaining that §§ 2241 and 2255 address remedies, not jurisdiction). True, unlike *Chazen*, this Court has not yet issued a judgment on the issue. However, in the absence of some legal change in the law regarding choice-of-law, the Court finds that Respondent may not revoke his concession simply because his incentives have changed. As the Seventh Circuit did in *Chazen*, the Court finds that the Court may accept this concession. With the concession accepted, *Van Cannon* controls; this Court finds that Olson is entitled to relief on the merits.

## IV. CONCLUSION

In summary, the Court finds that Olson has proven both that he can proceed under 28 U.S.C. § 2241 and that his claim succeeds on the merits. Without the unlawful 18 U.S.C. § 924(e) enhancement, Olson's maximum lawful sentence is ten years. Pursuant to 28 U.S.C. § 2243, this Court is authorized to "dispose of the matter as law and justice require." As Olson appears to have already served more than the maximum lawful sentence for his conviction, immediate release appears to be the proper course here, even though Respondent may appeal: "There is a presumption of release pending appeal where a petitioner has been granted habeas relief." *O'Brien v. O'Laughlin*, 557 U.S. 1301, 1301 (2009) (Breyer, J., in chambers). If Respondent decides to appeal, he may file an appropriate motion attempting to rebut the presumption and requesting Olson remain in custody pending the appeal. *See id.; Hilton v. Braunskill*, 481 U.S. 770, 777 (1987).

Furthermore, the Court finds that a resentencing is prudent. The Court recognizes there are inherent issues with obtaining resentencing under 28 U.S.C. § 2241 when the case is not before the original sentencing court. *See generally, Hill v. Sepanek*, No. CV 14-85-ART, 2017 WL 73338 (E.D. Ky. Jan. 6, 2017) (discussing the issues related to comity, fairness, practicality,

and congressional will that make resentencing outside of the procedures in 28 U.S.C. § 2255 inherently problematic).  Here, Olson appears to have already served more time than the statutory maximum term of ten years on his sole count of conviction and be entitled to immediate release.  However, given that the Bureau of Prisons may award over-served time credits in a case such as this one to any future imprisonment sentence, it still may be prudent to formally resentence Olson and enter a revised judgment in his criminal case.  Olson has requested that the case be transferred to the District of Minnesota for resentencing, rather than have this Court conduct the resentencing.  While the Court recognizes the practical problems that this creates, *see, e.g., Hill,* 2017 WL 73338 at *8, it still appears to be the better option.  The District of Minnesota, having already sentenced Olson on this conviction once, will be more familiar with the case and better able to judge whether he should simply be sentenced to the now-maximum sentence of ten years or whether a resentencing hearing is needed to determine whether Olson should be sentenced below the maximum.  Accordingly, it is ORDERED:

1) Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1, refiled as Doc. 29) is GRANTED;

2) Petitioner's Motion to Amend (Doc. 24) is MOOT in light of supplemental briefing;

3) Petitioner's sentence imposed by the United States District Court for the District of Minnesota in Case No. 04-CR-00398 is VACATED pending resentencing in the United States District Court for the District of Minnesota without the 18 U.S.C. § 924(e) enhancement;

4) As Petitioner's new sentence may not exceed 10 years, the Bureau of Prisons is ORDERED to recalculate Petitioner's sentence as 120 months' imprisonment and, if the recalculation confirms that Petitioner has served a sentence of 120 months' imprisonment

or longer, Respondent shall release him without delay from custody pursuant to the terms and conditions of his ordered supervised release imposed by the United States District Court for the District of Minnesota in Case No. 04-CR-00398;

5) The Clerk is DIRECTED to enter final judgment in favor of Petitioner; and

6) The Clerk is DIRECTED to send copies of this Order to the United States District Court for the District of Minnesota and the Clerk thereof for filing in Case No. 04-CR-00398.

7) This matter is now CLOSED.

Signed on this 8 day of November 2019.

/s/ James E. Shadid
James E. Shadid
United States District Judge